UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 06-22494-CIV-GOLD/MCALILEY

LIBERTY MUTUAL INSURANCE
COMPANY.,

Plaintiff,

v.

AVENTURA ENGINEERING &
CONSTRUCTION CORP. et al.,

Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATIONS AS TO LIBERTY MUTUAL'S MOTION FOR ORDER TO SHOW CAUSE [DE 301]

THIS CAUSE is before the Court on Magistrate Judge Chris M. McAliley's Report and Recommendations as to Liberty Mutual Insurance Company's Motion for Order to Show Cause for Contempt in Lieu of Its Motion Entry of Writ of Attachment and for Contempt [DE 301]. No objections have been filed, and upon an independent review of the Report, the record and applicable case law, I agree with Magistrate Judge McAliley's conclusions that the evidence presented by Defendants Cary Lopez and Rosaline Williams was sufficient to carry Defendants' burden of proving that they "made 'in good faith all reasonable efforts to comply' " with this Court's order requiring them to post collateral in the amount of $1,015,000.00 and that they simply were unable to do so despite their various efforts to sell real property, obtain bonds, and liquidate their personal assets. [DE 301, pp. 6-7]; *Chairs v. Burgess,* 143 F.3d 1432, 1436 (11th Cir. 1998) (noting that the defense of "inability to comply" is established if contemnor can show that he has made in good faith all reasonable efforts to comply) (quoting *United States v. Ryan*, 402 U.S. 530,

534 (1971)).

Finally, as Magistrate Judge McAliley correctly points out, "inability, as a defense to contempt, does not mean that compliance must be totally impossible." *Id.* at 1437. Contemnors are not required to liquidate every single item of value that they own, nor are they required to bankrupt themselves in order to show that the they have made all reasonable efforts to comply with the Court Order. *See National Labor Relations Board v. Triple A Fire Protection, Inc.*, 2003 WL 23207692, * 10 (S.D. Ala. March 26, 2003) (declining to impose contempt sanctions for failure to comply with court order where compliance would result in insolvency). Here, Defendants put on credible evidence that went "beyond a mere assertion of inability," *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir.1984), demonstrating by a clear and convincing standard that they made, in good faith, all reasonable efforts to comply with this Court's order. Accordingly, Plaintiffs motion must be denied. Based on the foregoing, it is hereby

ORDERED AND ADJUDGED:

1. The Report of Magistrate Judge [DE 301] is AFFIRMED AND ADOPTED.
2. Liberty Mutual's Motion [DE 286] is DENIED.

DONE AND ORDERED, in Chambers, in Miami, Florida, this 29 day of September, 2009.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc: United States Magistrate Judge Chris M. McAliley
All Counsel and Parties of Record